**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUSUF IBRAHIM, | : |
|         Petitioner, | : Civ. No. 22-7208 (GC) |
| v. | : |
| STATE OF NEW JERSEY, et al., | : **MEMORANDUM & ORDER** |
|         Respondents. | : |

**CASTNER, District Judge**

Petitioner, Yusuf Ibrahim ("Petitioner" or "Ibrahim"), is a state prisoner incarcerated at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. Presently pending before this Court is Petitioner's motion for a stay and abeyance of a yet to be filed federal habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner notes that he is currently appealing the denial of his post-conviction relief ("PCR") petition in the New Jersey state courts. For the following reasons, the Clerk shall be ordered to administratively terminate this action. Petitioner's motion for a stay and abeyance shall also be denied without prejudice.

Petitioner did not include an application to proceed *in forma pauperis*; alternatively, Petitioner did not include a prepaid $5.00 filing fee for habeas actions. Therefore, this case is administratively terminated. *See* L. Civ. R. 54.3(a). Petitioner shall have the opportunity to reopen this action should he elect to do so.

Given the circumstances of this administrative termination, typically, this Court would also administratively terminate Petitioner's motion for a stay and abeyance. Nevertheless, rather than

administratively terminate Petitioner's motion, this Court will instead deny Petitioner's motion without prejudice because it is facially deficient.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court noted as follows with respect to what a petitioner needs to show in order for a court to grant a stay in a § 2254 habeas petition:

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines*, 544 U.S. at 277 (citation omitted). Furthermore, to grant a stay, there should be no indication that a petitioner engaged in intentional dilatory tactics. *See id.* at 278; *see also Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) ("In determining whether a stay should be granted, a Court must consider three main factors: a showing of good cause, the presence of potentially meritorious claims, and the presence or absence of intentionally dilatory tactics."). Petitioner bears the burden of establishing that he is entitled to a *Rhines* stay. *See Demoscoso v. Johnson*, No. 18-3826, 2022 WL 596934, at *3 (D.N.J. Feb. 28, 2022) (citing *Roach v. Attorney Gen. of New Jersey*, No. 19-21707, 2021 WL 1578380, at *1 (D.N.J. Apr. 22, 2021) (citing *Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008))).

Petitioner's motion for a stay and abeyance fails to address the *Rhines* factors. Indeed, as Petitioner has not even filed a petition for writ of habeas corpus, this Court cannot determine whether any possible unexhausted federal habeas claims may have merit to warrant a *Rhines* stay. Accordingly, Petitioner's motion for a stay and abeyance will be denied without prejudice.

.

Therefore, IT IS on this 19th day of December, 2022,

ORDERED that Petitioner's motion for a stay and abeyance of these § 2254 habeas proceedings (ECF 1) is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk shall ADMINISTRATIVELY TERMINATE this action as Petitioner failed to pay the filing fee or submit a complete application to proceed *in forma pauperis* in a habeas case; and it is further

ORDERED if Petitioner wishes to reopen this case, he shall so notify the Court in writing within thirty (30) days of the date of entry of this Memorandum and Order; Petitioner's writing shall include either the $5.00 filing fee or a complete application to proceed *in forma pauperis* as well as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the blank form supplied by the Clerk; and it is further

ORDERED that the Clerk shall serve upon Petitioner by regular U.S. mail: (1) a copy of this Memorandum and Order; (2) a blank form application to proceed *in forma pauperis* by a prisoner in a habeas corpus case; and (3) a blank copy of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (AO241 (modified):DNJ-Habeas-008(Rev.01-2014).

*Georgette Castner*
GEORGETTE CASTNER
United States District Judge